Arevalo v. Barr

BIA
Verrillo, IJ
A088 428 153

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand twenty.

PRESENT:
SUSAN L. CARNEY,
MICHAEL H. PARK,
WILLIAM J. NARDINI,
*Circuit Judges.*

_____

MANUEL ALEJANDRO AREVALO,
*Petitioner,*

v.                                              18-3110
                                                NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:         H. Raymond Fasano, Youman, Madeo
                        & Fasano, LLP, New York, NY.

FOR RESPONDENT:         Joseph H. Hunt, Assistant Attorney
                        General; Linda S. Wernery,
                        Assistant Director; Thankful T.

Vanderstar, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manuel Alejandro Arevalo, a native and citizen of Ecuador, seeks review of a September 28, 2018, decision of the BIA affirming a September 6, 2017, decision of an Immigration Judge ("IJ") denying Arevalo's application for asylum and withholding of removal. *In re Manuel Alejandro Arevalo,* No. A 088 428 153 (B.I.A. Sept. 28, 2018), *aff'g* No. A 088 428 153 (Immig. Ct. Hartford Sept. 6, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006) ("When the BIA briefly affirms the decision of an IJ and 'adopt[s] the IJ's reasoning in doing so,' we review the IJ's and the BIA's decisions together." (citation omitted)). We review the

2

agency's legal conclusions de novo and its factual findings for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Edimo-Doualla v. Gonzales,* 464 F.3d 276, 281-83 (2d Cir. 2006). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). The agency reasonably determined that Arevalo failed to establish that he would be persecuted on account of his membership in a particular social group or because of an imputed political opposition to the Revolutionary Armed Forces of Colombia ("FARC").

To demonstrate eligibility for asylum and withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the claimed persecution. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 346 (BIA 2010). "[A]sylum may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d

3

Cir. 2014) (internal quotation marks omitted).  However, the applicant "must provide *some* evidence of [a persecutor's motives], direct or circumstantial."  *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 291 (2d Cir. 2007).

Even assuming that Arevalo's proposed social group were cognizable,[1] the agency reasonably determined that he failed to provide any direct or circumstantial evidence to demonstrate that gang members had targeted or would target him on account of anything other than his perceived wealth and their general criminal aspirations.  *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007) (per curiam) (applicant has the burden of demonstrating that persecutors "ha[ve] any motive other than increasing their own wealth at the expense of" the applicant (citation omitted)).  Arevalo testified that the gang members threaten anyone in the area with money, and he provided no evidence that gang members had threatened his family or demanded money because of a

---

[1] Contrary to Arevalo's position, the agency was not required to determine whether the social group was cognizable because it assumed cognizability and denied relief on nexus grounds. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

4

relationship to the United States. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) ("general crime conditions" do not constitute persecution on account of a protected ground). Thus, substantial evidence supports the agency's determination that Arevalo did not establish a fear of persecution based on his membership in a particular social group consisting of "Ecuadorians perceived as U.S. citizens due to presence of more than a decade with indicators of wealth such as consistent remittance payments."

Nor did Arevalo establish that he would be targeted by FARC because it would impute to him an anti-FARC political opinion. In order to demonstrate that past persecution or a well-founded fear of future persecution is on account of political opinion, the applicant must "show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the *applicant's* political belief," rather than merely by the persecutor's *own* opinion. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (emphasis added). Resistance to nongovernment entities, such as rebel groups or gangs, is not necessarily a political opinion, nor is it necessarily true that the group believes that any

5

resistance to it is politically motivated. *Elias-Zacarias*, 502 U.S. at 482. Arevalo testified that he fears extortion or kidnapping by the FARC because they will perceive him as wealthy. He did not show that FARC would perceive him to have a political opinion, and FARC's own political platform is insufficient. *See Yueqing Zhang,* 426 F.3d at 545. Thus, substantial evidence supports the agency's determination that Arevalo fears that FARC will target him on account of his perceived ability to pay, rather than on account of a protected ground.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court

6